UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elliott Lamar-Seccer Pierson,                                    Civil No. 10-1960 (JNE/FLN)

                Plaintiff,

    v.                                                                    **REPORT AND RECOMMENDATION & ORDER**

Minneapolis Police Department,
Metro Transit Police Department,
City of Minneapolis, Officer Gordon Greenwaldt,

                Defendants.

_____

Elliott Lamar-Seccer Pierson, pro se.
Anthony Edwards & Gregory Sautter for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 2, 2011 on Defendants' Motions for Summary Judgment (Doc. Nos. 13 & 30). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that (1) the motion filed by Defendants Metro Transit Police Department & Officer Greenwaldt be **GRANTED in part** and **DENIED in part** and (2) the motion filed by Defendants City of Minneapolis and Minneapolis Police Department be **GRANTED**.

## I.  BACKGROUND

On May 14, 2004, Defendant Officer Gordon Greenwaldt's squad car collided with Plaintiff Elliott Lamar-Seccer Pierson during a foot chase after Pierson was caught selling $20 worth of crack cocaine to two undercover police officers. The chase occurred in Peavey Park, near the intersection of Park and Franklin Avenue. Pierson was outrunning the four police officers that were chasing

him, so Greenwaldt decided to pursue Pierson in his squad car. Pierson was running toward a large group of families in the park. The parties dispute what happened immediately prior to the collision. According to Greenwaldt, he "drove his car behind and to the right side of [Pierson]." Greenwaldt Aff., Doc. No. 20, ¶ 13. He then "pulled in front of [Pierson] and swung to [his] left." *Id.* ¶ 16. As Greenwaldt swung his car to the left, "[Pierson] lunged forward, attempting to get around the police car." *Id.* Pierson then collided with the "front driver's side wheel well and fell to the ground." *Id.* At the time of the collision, Greenwaldt was concerned that Pierson was carrying a weapon and that he might attempt to take the families in the park hostage if he reached them. *Id.* ¶ 14.

According to Pierson, Greenwaldt "drove straight at [him] at a high rate of speed" and, as the squad car was "approaching him from behind[,] it ma[de] contact with [his] right leg. . . ." Pierson Aff., Doc. No. 35, ¶¶ 6-7. Pierson claims he was hit by the "front of the car." Pierson Depo., Doc. No. 15, Ex. 2 at 87. Another witness, Lionel Thomas, claims that he saw a squad car "speed up real fast behind Mr. Pierson and intentionally hit him with the car from behind." Thomas Aff., Doc. No. 36, ¶ 8. Pierson subsequently underwent surgery at Hennepin County Medical Center to repair his right tibia and fibula bones, both of which were broken as a result of the collision. Pierson Aff., Doc. No. 35, ¶ 8.

Pierson brought this action against Greenwaldt pursuant to 42 U.S.C. § 1983, alleging (1) that Greenwaldt used excessive force in apprehending him in violation of the Fourth Amendment of the U.S. Constitution and (2) that Greenwaldt committed the common law torts of assault, battery, and gross negligence. Pierson further alleges that Metro Transit Police Department, the City of Minneapolis, and the Minneapolis Police Department violated his rights under the Fourteenth Amendment to the U.S. Constitution by failing to adequately train or supervise Greenwaldt.

Defendants now move for summary judgment, citing qualified and official immunity.

## II. ANALYSIS

**A.  Standard of review**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed.R.Civ.P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B.  42 U.S.C. § 1983 claim against Greenwaldt**

42 U.S.C. § 1983 provides a cause of action against government officials who deprive persons of "rights, privileges, or immunities secured by the Constitution." Pierson alleges that Greenwaldt used excessive force in apprehending him in violation of the Fourth Amendment.[1] In

---

[1] Greenwaldt has been sued in his individual and official capacity. A suit against a government employee in their official capacity is, in effect, a suit against their public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Under 42 U.S.C. § 1983, a governmental entity is not vicariously liable for the unconstitutional acts of its employees unless the acts implement an unconstitutional policy or custom. *Id.* Pierson does not allege that Defendants have enacted any unconstitutional policies or customs. Consequently, Pierson's claims against Greenwaldt in his official capacity must be dismissed. Only Pierson's claims against Greenwaldt in his individual capacity remain.

response, Greenwaldt contends that he is entitled to qualified immunity. Qualified immunity shields government officials from money damages unless a plaintiff proves that the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Ashcroft v. Al-Kidd*, 131 S.Ct. 2074, 2080 (2011).

Greenwaldt concedes that the right to be free from excessive force is a clearly established constitutional right. The question, then, is whether Greenwaldt violated that right. The Fourth Amendment prohibits "unreasonable searches and seizures." To state a valid excessive force claim under the Fourth Amendment, Pierson must show (1) that Greenwaldt "seized" him using force and (2) that the force used was not objectively reasonable. *Graham v. Connor*, 496 U.S. 386, 395-96 (1989). As to the first question, a suspect is not seized under the Fourth Amendment if a police officer unintentionally strikes him with his squad car during a police pursuit. *See County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998) ("[A] Fourth Amendment seizure occurs . . . only when there is a governmental termination of freedom of movement through *means intentionally applied.*") (emphasis in original) (quoting *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989)). As to the second question, the objective reasonableness of the force used depends upon "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009).[2]

The Court finds that genuine issues of material fact exist as to how the collision occurred.

---

[2] A police officer's use of deadly force is governed by a separate test. Deadly force is authorized only if: (1) the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious harm; (2) the force is necessary to prevent escape; and (3) if feasible, some warning has been given. *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985).

A reasonable jury could find that Greenwaldt intentionally into Pierson with his squad car or, alternatively, that Greenwaldt used his squad car as a barrier, which had the unintended effect of colliding with Pierson. Whether Pierson was seized and whether the force used was reasonable are both genuine issues of material fact that preclude summary judgment. The answers to both questions turn on whether Greenwaldt intentionally hit Pierson with his squad car. *See County of Sacramento*, 523 U.S. at 844; *Ludwig v. Anderson*, 54 F.3d 465, 473 (8th Cir. 1995) (using a squad car as a barrier does not rise to the level of deadly force, but intentionally running over a fleeing suspect may constitute deadly force). Therefore, Greenwaldt is not entitled to judgment as a matter of law on Pierson's § 1983 claim.

**C.     Assault, battery, and gross negligence claims against Greenwaldt**

Pierson alleges that Greenwaldt committed the torts of assault, battery, and gross negligence. Greenwaldt, in response, contends that he is entitled to official immunity. Official immunity protects public officials "from the fear of personal liability that might deter independent action and impair effective performance of their duties." *Anderson v. Anoka Hennepin Indep. Sch. Dist.*, 678 N.W.2d 651, 655 (Minn. 2004). To determine whether official immunity applies, the Court first asks if the conduct in question was discretionary (which calls for "the exercise of judgment or discretion") or ministerial (which involves only "the execution of a specific duty arising from fixed and designated facts"). *Johnson v. State*, 553 N.W.2d 40, 46 (Minn.1996).

Police officers generally make discretionary decisions and thus are entitled to official immunity. *Kelly v. City of Minneapolis,* 598 N.W.2d 657, 664 (Minn. 1999). A police officer may forfeit such immunity, however, if his actions are malicious. *Id.* at 663. "Malice in the context of official immunity means intentionally committing an act that the official has reason to believe is

legally prohibited." *Anderson*, 678 N.W.2d at 663. "Whether an action is discretionary or ministerial is a question of law for the court, but whether an officer acted maliciously is usually a question of fact for the jury." *Kelly*, 598 N.W.2d at 664, n. 5.

The Court finds that Greenwaldt made a discretionary decision when he decided to apprehend Pierson by using his squad car. The Court further finds, however, that a genuine issue of material fact exists as to whether Greenwaldt acted maliciously. Again, based on the evidence presented by Pierson, a reasonable jury could conclude that Greenwaldt intentionally ran into Pierson with his squad car. Given the circumstances preceding Pierson's arrest, a reasonable jury could further conclude that Greenwaldt knew, or had reason to believe, that striking Pierson with his squad car was legally prohibited. Such a finding would constitute malice. Consequently, Greenwaldt is not entitled to judgment as a matter of law on Pierson's assault and battery claims.

With respect to his gross negligence claim, Greenwaldt contends that he is entitled to official immunity because no reasonable jury could find both that he was grossly negligent and that he acted maliciously. The Court agrees. Malice requires, among other things, the commission of a legally prohibited act. *Anderson*, 678 N.W.2d at 663. Apart from his tort claims, the only legally prohibited act alleged by Pierson is the Fourth Amendment claim he brought against Greenwaldt. To be seized under the Fourth Amendment, Pierson must show that his freedom of movement was terminated by Greenwaldt through "means intentionally applied." *See County of Sacramento*, 523 U.S. at 844. Gross negligence is not, by definition, intentional conduct. *See State v. Al-Nasser*, 690 N.W.2d 744, 752 (Minn. 2005) (defining gross negligence). No reasonable jury could therefore find both that Greenwaldt was grossly negligent and that Pierson was seized under the Fourth Amendment. Without such a seizure, no reasonable jury could find that Greenwaldt used excessive force or that

6

he acted maliciously. Therefore, Greenwaldt is entitled to judgment as a matter of law on Pierson's gross negligence claim.

**D.     42 U.S.C. § 1983 claims against Metro Transit Police Department, Minneapolis Police Department, and the City of Minneapolis**

Pierson alleges that Metro Transit Police Department, Minneapolis Police Department, and the City of Minneapolis violated his rights under the Fourteenth Amendment of the U.S. Constitution by failing to properly train and supervise Greenwaldt. Pierson has presented no evidence in support of these claims.[3] These defendants are therefore entitled to judgment as a matter of law.

### III.     CONCLUSION

The Court concludes that a genuine issue of material fact precludes the Court from granting summary judgment as to Officer Greenwaldt on Pierson's § 1983 claim and his common law claims for assault and battery.[4] Nonetheless, the Court concludes that Defendants are entitled to judgment as a matter of law on Pierson's remaining claims.

### IV.     RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY**

---

[3]     Pierson did not address these claims in his memorandum opposing the motion for summary judgment filed by Defendants Greenwaldt and Metro Transit Police Department nor did he file a memorandum opposing the motion for summary judgment brought by Defendants City of Minneapolis and Minneapolis Police Department. *See* Pl's Brief, Doc. No. 34, at 16-17.

[4]     Although the issue was not raised by Defendants, it appears that the statute of limitations may have expired on all of Pierson's claims. *See Walker v. Barnett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (§ 1983 actions fall within the statute of limitations prescribed by a state for personal-injury claims); Minn. Stat. § 541.07 (2011) (two-year limitation on claims for "assault, battery, . . . or other tort resulting in personal injury"). The collision occurred in May 2004. Pierson commenced this action in May 2010.

7

**RECOMMENDED** that:

1. The Motion for Summary Judgment (Doc No. 30) filed by Defendants Metro Transit Police Department and Officer Greenwaldt be **GRANTED in part** and **DENIED in part** as follows:

   a. To the extent the motion seeks judgment as a matter of law on Counts I and II of the Complaint, the motion be **DENIED**.

   b. To the extent the motion seeks judgment as a matter of law on Count III of the Complaint, the motion be **GRANTED**.

   c. To the extent the motion seeks dismissal of all claims against Officer Greenwaldt in his official capacity, the motion be **GRANTED**.

2. The Motion for Summary Judgment (Doc. No. 13) filed by Defendants City of Minneapolis and Minneapolis Police Department be **GRANTED**;

3. Counts III, IV, V, and VI of the Complaint be **DISMISSED WITH PREJUDICE**;

4. Defendants Metro Transit Police Department, Minneapolis Police Department, and the City of Minneapolis be **DISMISSED** as parties from the suit.

## V.   ORDER

On December 2, 2011, the Court ordered Mr. Pierson to file a letter to show good cause as to why his request for a rehearing should be granted.  Mr. Pierson failed to appear at the December hearing on the Defendants' motions.  Notice of the date and time in the hearing was mailed to Mr. Pierson on October 6, 2011.  (Doc. No. 33.)  In a phone call to chambers, Mr. Pierson reported to the Court's staff that he was unaware of the December 2, 2011 hearing date and requested a rehearing.  The Court ordered Mr. Pierson to file a letter with the Court showing

why his request for a rehearing should be granted. (Doc. No. 41.) After having received and reviewed Mr. Pierson's letter, it is **HEREBY ORDERED** that his request for a rehearing is **DENIED.**

DATED: January 6, 2012                              *s/ Franklin L. Noel*

                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 20, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 20, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.