UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elliot Lamar-Seccer Pierson,

      Plaintiff,

v.                                        Civil No. 10-1960 (JNE/FLN)
                                            ORDER

Minneapolis Police Department,
Metro Transit Police Department,
City of Minneapolis, and
Metro Transit Police Officer Greenwaldt,

      Defendants.

_____

      Plaintiff Elliot Pierson brought claims against Defendants under 42 U.S.C. § 1983 for violation of his Fourth Amendment right to be free from unreasonable seizure and state law claims of assault, battery, and gross negligence. Pierson alleges Defendants violated his rights and committed torts when Defendant Officer Greenwaldt drove his squad car into Pierson who was fleeing police on foot. Defendants moved for summary judgment on all of Pierson's claims. In a Report and Recommendation dated January 6, 2012, the Honorable Franklin L. Noel, United States Magistrate Judge, recommended that Defendants' motions for summary judgment be denied in part and granted in part. Defendants Metro Transit Police Department and Officer Greenwaldt objected to the Report and Recommendation. The Court has conducted a de novo review of the record.[1]  *See* D. Minn. LR 72.2(b).

---

[1]    The Court notes that the Report and Recommendation and Defendants' Objection contain a discussion of the statute of limitations. The Court is satisfied with the Defendants' explanation that Pierson's claims are not barred. (*See* Def.'s Objection to Report and Recommendation 5 n.1, ECF No. 50).

1

Defendants argue that Pierson has not offered sufficient evidence to overcome their asserted qualified and official immunity defenses. Defendants argue that Officer Greenwaldt's actions were objectively reasonable in the circumstances, and therefore, he is protected by qualified and official immunity. Defendants allege that Officer Greenwaldt intended to use his squad car as a barrier to prevent Pierson's escape and did not intend to actually hit him. If Officer Greenwaldt intended to hit Pierson, his actions constitute apprehension by use of deadly force. *See Ludwig v. Anderson*, 54 F.3d 465, 473 (8th Cir. 1995) ("[W]e conclude that an attempt to hit an individual with a moving squad car is an attempt to apprehend by use of deadly force."). "Whether or not [the officer's] actions constituted application of 'deadly force,' all that matters is whether [the officer's] actions were reasonable." *Scott v. Harris*, 550 U.S. 372, 383 (2007). Defendants acknowledge that the use of deadly force would not have been reasonable to apprehend Pierson. (Def.'s Mem. Supp. Mot. Summ. J. 14, ECF No. 18). They argue instead that Officer Greenwaldt did not intend to hit Pierson. Thus, Officer Greenwaldt's intent in driving toward Pierson is a material fact. Defendants argue that Pierson's testimony and the affidavit of an eye witness about the speed and angle of the squad car when the collision occurred are not sufficient to create a genuine dispute. They note that Pierson is mistaken about other details of the apprehension, and they point out that he did not see Officer Greenwaldt's car until just before he was struck. Similarly, Defendants discount the witness' testimony arguing that he was too far away to accurately observe Officer Greenwaldt's actions. Although these may be valid arguments regarding the credibility of Pierson and the eye witness, the Court cannot make these credibility determinations at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Pierson has offered more than a scintilla of evidence that Officer Greenwaldt intentionally drove into him. Thus, the Court finds disputed material facts exist and

summary judgment cannot be granted on Pierson's § 1983 claim and assault and battery claims against Officer Greenwaldt.

Based on its review of the record, and for the reasons stated, the Court adopts the Report and Recommendation [Docket No. 44].

IT IS ORDERED THAT:

1. Defendants Metro Transit Police Department and Officer Greenwaldt's Motion for Summary Judgment [Doc No. 30] is **GRANTED in part** and **DENIED in part** as follows:

    a. Defendants Motion for Summary Judgment is **DENIED** as to Counts I and II of the Complaint;
    b. Defendants Motion for Summary Judgment is **GRANTED** as to Count III of the Complaint;
    c. All claims against Officer Greenwaldt in his official capacity are **DISMISSED**;

2. Defendants City of Minneapolis and Minneapolis Police Department's Motion for Summary Judgment [Doc. No. 13] is **GRANTED**;

3. Counts III, IV, V, and VI of the Complaint are **DISMISSED WITH PREJUDICE**;

4. Defendants Metro Transit Police Department, Minneapolis Police Department, and the City of Minneapolis are **DISMISSED** as parties from the suit.

Dated: March 14, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge